UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| RITA FAZEKAS, individually, ) <br> and RITA FAZEKAS, by and ) <br> through her attorney in fact, ) <br> Alan Campoli, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MERCY AMBULANCE OF ) <br> EVANSVILLE, INC., doing ) <br> business as AMR, ) <br> ) <br> Defendant. ) | Case No. <br> 5:19-cv-096-JMH <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

\*\*\*

Plaintiffs Rita Fazekas, Individually, and Rita Fazekas, by and through her attorney in fact, Alan Campoli (collectively "Fazekas"), move for leave to file a proposed First Amended Complaint [DE 11-1]. [DE 11]. Having considered the matter fully, and being otherwise sufficiently advised, the Court will deny Fazekas's Motion for Leave to File First Amended Complaint [DE 11].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about December 4, 2017, Fazekas was being transported by ambulance by Jessica Denman and Logan Eckler, employees of AMR Mercy Ambulance of Evansville, Inc., doing business as AMR ("AMR"). [DE 12, at 1 (citing [DE 1-1, at 7; DE 11-1, at 2])]. While AMR's employees were transporting Fazekas, they dropped her, which

caused bruising. *Id.* at 1-2 (citing [DE 1-1, at 7; DE 11-1, at 2-3]).

On November 27, 2018, Fazekas filed the present action in Fayette Circuit Court alleging, "Defendants and/or the Subject Employees were negligent because they dropped Rita and/or because they failed to use an appropriate device or technique to transport Rita and/or because the Subject Employees were not hired, trained, supervised, or retained with reasonable care, and/or for other reasons including those described herein." [DE 1-1, at 7-8]; *see also* [DE 13, at 1]. On March 8, 2019, this action was removed to this Court. [DE 1]. On August 5, 2019, Fazekas filed the present Motion for Leave to File First Amended Complaint [DE 11] asserting, "The First Amended Complaint maintains the counts and allegations against the same defendant-EMS Company from the original complaint, but accounts for the significant factual developments that have occurred since the original complaint was filed." [DE 11, at 1]. Fazekas specifies that the proposed First Amended Complaint "clarifies the basis of both 1) the negligence claims asserted against the defendant-EMS company based on the vicarious liability of its employees, and 2) the negligent hiring, training, supervision, and retention claims asserted against the defendant-EMS company, based entirely on the discovery that has taken place to date." *Id.* However, as will be discussed further herein, AMR contends, "Plaintiff's Motion should be denied because the

2

proposed First Amended Complaint fails to state any additional claim(s) upon which relief may be granted against AMR," meaning "the proposed amendment would be futile . . . ." [DE 12, at 2-3].

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a)(2), when a motion for leave to amend, such as Fazekas's Motion [DE 11], is filed more than 21 days after responsive pleadings have been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The grant or denial of a motion to amend is within the sound discretion of the Court." *Birchwood Conservancy v. Webb*, 302 F.R.D. 422, 424 (E.D. Ky. 2014) (citing *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987)).

When ruling on a party's motion for leave to amend a pleading, the Court should consider the following factors:

> (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile.

*Webb*, 302 F.R.D. at 424 (citing *Foman,* 371 U.S. at 182; *see also Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 591 (6th Cir. 1990)). "'A court need not grant leave to amend . . . where

3

amendment would be 'futile.'" *Hughes v. Red River Gorge Zipline, LLC,* No. 5:17-CV-482-REW, 2018 WL 3199458, at *1 (E.D. Ky. June 29, 2018) (citing *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*, 83 S. Ct. at 230)).

An amendment to a pleading is futile only if the amended pleading could not withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Demings v. Nationwide Life Ins. Co.*, 593 F.3d 486, 490 (6th Cir. 2010); *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010); *Hughes,* 2018 WL 3199458, at *1 (citing *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000)). Thus, the test "is whether the proposed amended pleading, with all the factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment." *Lacer v. Toyota of Bowling Green*, No. 1:18-cv-013-GNS-HBB, 2018 WL 5815567, at *3 (W.D. Ky. Nov. 6, 2018) (internal citations and quotations omitted). "Evaluating a 12(b)(6) motion to dismiss requires the Court to 'accept as true all factual allegations, but not legal conclusions or unwarranted factual inferences.'" *Hughes,* 2018 WL 3199458, at *1 (citing *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018)). "'The plaintiff must present a facially plausible complaint asserting more than bare legal conclusions. *See Bell*

4

*Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009).'" *Id.*

In the present case, there appears to be a disconnect between the Parties. In its Response [DE 12], AMR states, "AMR stipulated to liability on Plaintiff's claim of ordinary negligence related to the circumstances of the fall, leaving as the only disputed issue between the parties the nature and extent of Ms. Fazekas's injuries and the amount of any compensatory damages." [DE 12, at 2]. AMR asserts it did not concede or stipulate to liability for either "negligence in relation to the hiring, training, supervision or retention of its employees" or "gross negligence, willful or wanton conduct or any other action that would support an award of punitive damages because the Plaintiff's original Complaint did not allege any such conduct and did not seek an award of punitive damages." *Id.* at 2 n.1 (citing [DE 1-1]). AMR argues, "When it became apparent [through discovery] that Ms. Fazekas had suffered only minor bruising in the fall, Plaintiff moved to amend the Complaint to add new theories of relief and to seek an award of punitive damages in the amount of $500,000.00." *Id.* at 2. However, Fazekas tells a different story.

In Fazekas's Reply [DE 13], she asserts, "Plaintiffs directed a FRCP 30(b)(6) deposition notice to Defendant requesting a corporate deponent to testify on issues relating to Plaintiff's

5

already-pled negligent hiring, training, supervision, and retention claims." [DE 13, at 1 (citing [DE 13-1])]. Fazekas's claim, "In response to the . . . deposition notice . . . counsel for Defendant indicated that Defendant would not be willing to produce a witness until Plaintiff sought leave to amend the Complaint to include claims for negligent hiring, training, supervision, and retention." *Id.* at 2 (citing [DE 13-2]). Fazekas further asserts, "While Plaintiffs did not believe that seeking amendment was necessary, they nonetheless did so to avoid a discovery dispute," and the proposed First Amended Complaint [DE 11-1] provides "reasons that Defendant was negligent in its hiring, training, supervision, and retention of the employees that dropped Rita." *Id.* Regarding AMR's previously mentioned assertion that it has stipulated to liability on Fazekas's negligence claim, Fazekas argues AMR repeatedly denied negligence in both its Answer [DE 2] and in response to Requests for Admission, and "[w]hile Defendant has indicated orally in deposition that Defendant would accept liability, neither its Answer nor discovery responses have been amended." [DE 13, at 2].

For the following reasons, when all the factual claims are accepted as true, Fazekas's proposed First Amended Complaint [DE 11-1] fails to state plausible claims upon which relief may be granted.

### A. WHETHER FAZEKAS'S PROPOSED AMENDED CLAIM THAT AMR WAS NEGLIGENT FOR FAILING TO PROPERLY HIRE, TRAIN, SUPERVISE, OR RETAIN ITS EMPLOYEES IS FUTILE

Since there is neither an indication nor allegation that the proposed amendment is done in bad faith or with a dilatory motive on the part of Fazekas, the reason Fazekas decided to request leave to file her proposed First Amended Complaint [DE 11-1] is immaterial to this Court's determination of whether she should be granted leave to file her proposed First Amended Complaint [DE 11-1] or if such an amendment would be futile.

First, AMR argues that Fazekas's "'clarifying' amendment would serve no useful purpose, but would only confuse and complicate the record in this action." [DE 12, at 4]. However, the fact that AMR insists that "AMR has conceded liability for ordinary negligence in relation to Ms. Fazekas's fall and the only disputed matters remaining in this action are the extent of Ms. Fazekas's injuries and the proper measure of compensatory damages" shows clarification serves the purpose of better illustrating what claims are at issue in this matter. *Id.* As previously mentioned, Fazekas's original Complaint [DE 1-1] stated, "Defendants and/or the Subject Employees were negligent . . . because the Subject Employees were not hired, trained, supervised, or retained with reasonable care . . . ." [DE 1-1, at 7-8]. While the Court finds it reasonably apparent that Fazekas intended to include both a claim of negligence and a claim that AMR was negligent for failing

7

to properly hire, train, supervise, or retain its employees in Fazekas's original Complaint [DE 1-1], it appears to not be clear enough for AMR. Therefore, the Court disagrees with AMR's argument that there is no need for clarification. However, as will be discussed further herein, Fazekas's claim that AMR was negligent for failing to properly hire, train, supervise, or retain its employees is futile.

Second, AMR argues, "To the extent that Plaintiff is, in fact, seeking to amend her Complaint to assert new claims against AMR, the proposed First Amended Complaint does not allege facts sufficient to support any additional claims under Kentucky law." [DE 12, at 4]. Specifically, AMR argues that Fazekas "may be seeking to add a new claim alleging that AMR was negligent in its hiring, training, retention or supervision of Denham or a claim that AMR or its employees failed to follow certain internal policies and procedures." *Id.* at 4-5. AMR is correct that in order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fazekas's proposed First Amended Complaint [DE 11-1] "'must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.'" [DE 12, at 4 (quoting *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008))].

Under Kentucky law, to state a claim of negligent hiring, a plaintiff must show both that "(1) the employer knew or reasonably

8

should have known that the employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) (citing *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998)). "[A] negligent supervision claim requires a plaintiff prove the employer was 'negligent or reckless . . . in the employment of improper persons or instrumentalities in work involving risk of harm to others: in the supervision of the activity . . . [.]'" *Auto-Owners Ins. v. Aspas*, No. 3:16-CV-00189-DJH, 2017 WL 1416817, at *2 (W.D. Ky. Apr. 19, 2017) (quoting *Dempsey v. City of Lawrenceburg*, No. 3:09-CV-33-DCR, 2010 WL 3825473, at *7 (E.D. Ky. Sept. 23, 2010)).

In the present case, Fazekas's original Complaint [DE 1-1] was devoid of any factual allegations to support a claim that AMR negligently hired, trained, supervised, or retained Denman and Eckler. Instead, Fazekas merely provided a bare legal conclusion, which the Court need not, and will not, accept. *See Hughes,* 2018 WL 3199458, at *1 (citing *Theile*, 891 F.3d at 243). Fazekas's proposed First Amended Complaint [DE 11-1] is equally as lacking as her original Complaint [DE 1-1].

Fazekas posits that her original Complaint [DE 1-1] "did not include nearly as much detail regarding the basis of [their negligent hiring, training, retention, and supervision claim]

9

because many of the details were unknown to Plaintiffs when the lawsuit was filed." [DE 13, at 2]. While that may be true, Fazekas has provided no additional factual allegations with her proposed First Amended Complaint [DE 11-1] for the Court to accept as true. Instead, Fazekas has only included bare legal conclusions that AMR was negligent in hiring, training, retaining, or supervising Denman and Eckler. [DE 11-1, at 3-5].

In addition to Fazekas's more generalized assertions that AMR failed to properly train its employees, she asserts that AMR "failed to comply with numerous company policies including those regarding training and discipline . . . ," including "those relating to education and/or patient movement safety." *Id.* at 3-4. However, unless there is something "more to form the basis of liability," Kentucky courts decline to accept the argument that a defendant's failure to comply with either internal guidelines or policies "'automatically leads to liability'" for alleged negligence. *McCarty v. Covol Fuels No. 2, LLC*, 644 F. App'x 372, 377 (6th Cir. 2016) (quoting *Morgan v. Scott,* 291 S.W.3d 622, 632 (Ky. 2009)); *see also Murphy v. Second Street Corp.*, 48 S.W.3d 571, 575 n.16 (Ky. Ct. App. 2001) (finding that a corporate defendant's failure to follow its internal policy of filling out an incident report "did not create a new duty or constitute an assumption of a duty that it otherwise did not have"). Moreover, even if AMR's alleged failure to comply with its internal policies

10

could establish liability, Fazekas's proposed First Amended Complaint [DE 11-1] failed to both identify the specific policies AMR did not comply with and provide factual allegations showing how either AMR or its employees' actions were not compliant with AMR's policies. Repeatedly stating that AMR failed to train its employees on how to safely transport patients to ensure the employees did not drop a patient is not a factual allegation. *See* [DE 11-1, at 5]. Instead, it is a legal conclusion, which the Court will not accept as true.

### B. WHETHER FAZEKAS'S PROPOSED DEMAND FOR PUNITIVE DAMAGES IS FUTILE

In Fazekas's proposed First Amended Complaint [DE 11-1], she includes a demand for punitive damages that was not found in her original Complaint [DE 1-1]. "Pursuant to KRS 411.184(2), punitive damages are available if a plaintiff proves by clear and convincing evidence that a defendant acted with fraud, oppression, or malice. In addition, the Kentucky Supreme Court has determined that notwithstanding the statute, punitive damages are still available if gross negligence is shown." *Turner v. Werner Enterprises, Inc.*, 442 F. Supp. 2d 384, 385-86 (E.D. Ky. 2006) (citing *Williams v. Wilson,* 972 S.W.2d 260, 262-65 (Ky. 1998)). Gross negligence is defined as "'"wanton or reckless disregard for the safety of other persons."'" *Id.* at 385-86 (quoting *Kinney v. Butcher,* 131 S.W.3d 357, 359 (Ky. App. 2004)). "'It is not necessary that the jury

11

find the defendant to have acted with express malice; rather, it is possible that a certain course of conduct can be so outrageous that malice can be implied from the facts of the situation.'" *Id.*

Here, Fazekas's proposed First Amended Complaint [DE 11-1] includes no factual allegations that AMR acted with fraud, oppression, or malice, as contemplated by KRS 411.184(2). Instead, Fazekas merely asserts, "Plaintiff is further entitled to punitive damages in an amount to punish Defendant for its willful, wanton, oppressive, fraudulent, malicious, and/or grossly negligent conduct." [DE 11-1, at 4]. Fazekas's legal conclusion is followed by what Fazekas claims to be "specific conduct for which Plaintiff is entitled to punitive damages," which are, in fact, just further assertions that AMR failed to train or supervise its employees. *Id.* at 5. Like Fazekas's negligent hiring, training, retention, and supervision claim, Fazekas's demand for punitive damages is not accompanied by factual allegations and is, therefore, futile.

Furthermore, even if the actions of AMR's employees were fraudulent, oppressive, or malicious, Fazekas's demand for punitive damages would still be barred by KRS 411.184(3), which states, "In no case shall punitive damages be assessed against a principal or employer for the act of an agent or employee unless such principal or employer authorized or ratified or should have anticipated the conduct in question." *See also Turner*, 442 F. Supp. 2d at 387. To "authorize" an act of gross negligence, the employer

must pre-approve the employee's conduct. *Griffey v. Adams*, No. 5:16-CV-143-TBR, 2018 WL 3118186, at *3 (W.D. Ky. June 25, 2018) (citing *Univ. Med. Ctr., Inc. v. Beglin*, 375 S.W.3d 783, 793 (Ky. 2011)). While authorization is the pre-approval of conduct, "'[r]atification is, in effect, the after the fact approval of conduct.'" *Id.* (quoting *Beglin*, 375 S.W.3d at 794). "'[R]atification may be implied by the conduct of the employer . . . .'" *Id.* (quoting *Saint Joseph Healthcare, Inc. v. Thomas*, 487 S.W.3d 864, 874 (Ky. 2016)). "[R]atification requires both '1) an after-the-fact awareness of the conduct; and 2) an intent to ratify it.'" *Id.* (quoting *Thomas*, 487 S.W.3d at 875). Regarding whether an employer should have anticipated the employee's conduct, "it is not necessary that the employer anticipate the exact *manner* in which an employee or agent commits a tortious act." *Id.* (citing *Patterson v. Tommy Blair, Inc.*, 265 S.W.3d 241, 244 (Ky. Ct. App. 2007)). However, "'Kentucky courts applying this statute have authorized punitive damages only when the employer was aware that the employee [or employees] had previously engaged in similar unacceptable behavior or when the employer condoned the wrongful action taken by the employee [or employees.]'" *Id.* (quoting *Oaks v. Wiley Sanders Truck Lines, Inc.*, No. 07-45-KSF, 2008 WL 2859021, at *3 (E.D. Ky. Jul. 22, 2008)).

Here, Fazekas does not allege AMR either authorized or ratified its employees' allegedly negligent conduct. Specifically,

13

Fazekas provides no factual allegations that AMR approved of its employees dropping Fazekas either before or after Fazekas's fall. Furthermore, Fazekas fails to allege any facts describing how AMR could have anticipated that its employees would have dropped Fazekas. There are no factual allegations that AMR was aware of its employees dropping someone else during transport that would make AMR anticipate that a similar event could occur. Therefore, Fazekas's punitive damages claim would also be futile because Fazekas failed to allege that AMR authorized, ratified, or should have anticipated that its employees would drop Fazekas, as required by KRS 411.184(3).

### C. WHETHER THE DEPOSITION TRANSCRIPTS ATTACHED TO FAZEKAS'S PROPOSED FIRST AMENDED COMPLAINT CAN BE INCORPORATED BY REFERENCE

Regarding Fazekas's attempt to incorporate by reference the deposition transcripts [DE 11-3; DE 11-4] for Denman and Eckler's depositions as attachments to Fazekas's proposed First Amended Complaint [DE 11-1], the Court acknowledges that pursuant to Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." While the United States Court of Appeals for the Sixth Circuit has yet to define the meaning of a "written instrument" for purposes of Rule 10(c), "Black's Law Dictionary defines 'instrument' as '[a] written legal document that defines rights, duties, entitlements, or liabilities, such as

14

a contract, will, promissory note, or share certificate.'" *Kentucky ex rel. Beshear v. Dickerson*, No. 3:19-CV-033-DCR, 2019 WL 2710107, at *3 (E.D. Ky. June 27, 2019) (quoting Black's Law Dictionary (9th ed. 2009)). The deposition transcripts attached to Fazekas's proposed First Amended Complaint [DE 11-1] are not "written instruments" for purposes of Rule 10(c). Instead, as found by courts throughout the Sixth Circuit and elsewhere, deposition transcripts, and similar attachments to complaints, are "'extraneous or evidentiary material that should not be attached to the pleadings.'" *Copeland v. Aerisyn, LLC*, No. 1:10-CV-78, 2011 WL 2181497, at *1 (E.D. Tenn. June 3, 2011) (quoting *Bowens v. Aftermath Entertm't,* 254 F. Supp. 2d 629, 640 (E.D. Mich. 2003) *accord Empyrean Biosciences, Inc. Secs. Litig.,* 219 F.R.D. 408, 413 (N.D. Ohio 2003)); *see also Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989) (finding an affidavit was not a "written instrument" under Rule 10(c) and that if the district judge had not excluded the affidavit, he would have been "required to convert the Rule 12(b)(6) motions in [the] cases into motions for summary judgment"). Additionally, "the Sixth Circuit and district courts in this circuit have rejected using attachments to the pleadings under Rule 10(c) as 'evidentiary material' to *add* substantive allegations to a complaint." *Stevenson v. Walmart*, No. 3:19-CV-140, 2019 WL 3822179, at *2 (M.D. Tenn. Aug. 16, 2019) (citing *Copeland*, 2011 WL 2181497, at *1; *In re Empyrean Biosciences, Inc.*

15

*Sec. Litig.,* 219 F.R.D. 408, 413 (N.D. Ohio 2003); *Bowens v. Aftermath Entm't,* 254 F.Supp.2d 629, 640 (E.D. Mich. 2003); *Day v. DeLong*, No. 3:16-cv-00437, 2017 WL 5903761, at *7 (S.D. Ohio Nov. 30, 2017)).

In *Jones v. City of Cincinnati,* the Sixth Circuit dealt with a similar issue to that which is presently before this Court: whether the statements found in a transcript of an interview that was attached to a complaint must be treated as true. 521 F.3d 555, 561 (6th Cir. 2008). Assuming, for the sake of argument, that the transcript was a "written instrument," the Sixth Circuit found the following:

> Where a plaintiff attaches to the complaint a document containing unilateral statements made by a defendant, where a conflict exists between those statements and the plaintiff's allegations in the complaint, and where the attached document does not itself form the basis for the allegations, Rule 10(c) "does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact."

*Id.* (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 454-56 (7th Cir. 1998)). Ultimately, the Sixth Circuit treated the exhibit as an allegation that the statements found in the transcript were made and treated that allegation as true. *Id.* However, the Sixth Circuit did not accept the statements within the transcript as accurate or true because the Sixth Circuit considered that to be "a question of credibility and weight of the

16

evidence that is not before a court considering a motion to dismiss." *Id.*

Like the interview transcript in *Jones,* the attached deposition transcripts in the present case show that the depositions were taken, but the Court need not accept the statements found within them as true. *Id.; see also Copeland*, 2011 WL 2181497, at *1. For the foregoing reasons, this Court neither considers the attached deposition transcripts [DE 11-3; DE 11-4] as "written instruments" that are part of the proposed First Amended Complaint [DE 11-1] nor finds that they add any substantive allegations.

### III. CONCLUSION

Allowing Fazekas to file her proposed First Amended Complaint [DE 11-1], which fails to either rectify the lack of factual allegations supporting a claim of negligent hiring, training, retention, or supervision in the original Complaint [DE 1-1] or provide factual allegations supporting Fazekas's demand for punitive damages, would be futile. Accordingly,

**IT IS ORDERED** that Fazekas's Motion for Leave to File First Amended Complaint [DE 11] is **DENIED**.

This the 31st day of October, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge